## LOUIS SABO ET AL. *vs.* JAMES J. FERGUSON.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 8th, 1935—decided January 8th, 1936.

*Morris M. Wilder,* with whom was *Clifford B. Wilson,* for the appellants (plaintiffs).

*Robert J. Woodruff,* with whom was *William J. McKenna,* and, on the brief, *Anthony A. D. DeLucia,* for the appellee (defendant).

HAINES, J.   The plaintiffs allege that in October, 1929, the defendant, acting with and as the agent of Gennaro and Julia DeLucia, induced the plaintiffs by false and fraudulent representations to take a conveyance of certain real estate of the DeLucias in the town of Stratford in exchange for a farm then owned by the plaintiffs in the town of Cheshire; that in an action thereafter brought by the defendant to foreclose a mortgage of $1250 which he held on the Stratford property, the plaintiffs filed a cross-complaint alleging that the exchange of properties was procured by the misrepresentations and fraud of the defendant and the DeLucias, and that these allegations were found by the court to be true.   Detailed specifications of these fraudulent acts are then set forth, each being characterized as "a part and parcel of said scheme to cheat and defraud the plaintiffs," the substance of these specifications being that the defendant procured from the plaintiffs a power of attorney to handle the Stratford property for them, collecting the rents and applying them to the payment of interest, taxes and other expenses connected with the property, and that

the net surplus of the income would be $1100 per year which he would turn over to them; and further that the defendant thus collected $3500 of rents and converted that sum to his own use; that the defendant made the false statement that if they were at any time dissatisfied with his management or with the amounts received therefrom, he would himself take title to the property and pay the plaintiffs $25,000 therefor; that there was but $12,000 mortgage upon the property when in fact the defendant himself had a later mortgage thereon; that he, the defendant, had an agreement with the bank holding the mortgage, not to foreclose so long as the interest was paid, and that the mortgage could thus remain indefinitely.

It is pleaded that the defendant later agreed to discharge a foreclosure action brought by him on his mortgage and clear the title of his mortgage claim; that the plaintiffs had lost their title and interest in the property, valued at $12,000, by the refusal of the defendant to release his claim and by proceedings brought by the bank mortgagee, which the plaintiffs would have been able to "take care of," had the defendant's agreement been kept. It is alleged that "in consequence" of all these and other fraudulent statements, the plaintiffs "were induced to accept a conveyance of said premises in Stratford." It is obvious that some of these specified fraudulent acts and statements took place after the conveyance had already been made and could not have been an inducing cause of it; thus the allegation last quoted adds a further element of uncertainty to pleadings which from the beginning had been in a state of inexcusable confusion.

It is upon the complaint thus framed that the plaintiffs now claim $20,000 damages. The main defense set up by the defendant was that all the issues raised by the present pleadings were passed upon and de-

cided by the court in the former action brought by the defendant to foreclose his mortgage, in which action the plaintiffs obtained a judgment against the defendant for $3260 as legal damages suffered by them.

After some oral testimony had been offered by the plaintiffs, they put in evidence a portion of the file in the former action covering the pleadings therein and the proceedings to and including the judgment. The defendant then introduced another portion of the file which contained the findings of fact made by the court in that case. Both parties then rested. The court sustained the contention of the defendant that the judgment in the former case was res adjudicata as to all the issues in the present action and thereupon directed a verdict for the defendant. The action of the court refusing to set aside that verdict is the ground upon which the present appeal is based.

Those portions of the file in the former case, now before us, disclose that the plaintiffs' allegations in that case upon which they obtained their judgment, were in many respects substantially identical with the allegations now made in this case. They alleged the fraudulent procurement of the exchange of properties by the false statements as to the mortgages upon the property; that this defendant had an agreement by which the bank mortgage could remain indefinitely, and that the net rentals would yield the plaintiffs $1100 per year; and further that this defendant fraudulently obtained a power of attorney by a promise to collect the rents, pay the fixed charges and turn over to them $1100 per year but had not paid them anything, and further that payment of its mortgage had already been demanded by the bank. Thus the only claims now made which were not specifically made and decided in the former case, are those upon the promise to take title to the property and pay the

plaintiffs $25,000, the defendant's later promise to release his own mortgage, and the failure to pay the agreed rentals, resulting in the final loss of the plaintiffs' title and interest in the Stratford property, valued at $12,000. While the first of these claims was not specially alleged in the complaint in the former action, the finding of facts recites it in detail, from which it must be assumed that evidence was given upon that feature as one of the acts inducing the exchange of properties. It was found that the defendant had never intended to keep that promise.

The judgment in that case was based upon that finding of facts and we cannot assume upon this record that all the facts were not taken into account and properly appraised by the court in making up the judgment. The record in that case shows that this defendant was seeking a foreclosure of his mortgage, alleging that these plaintiffs were indebted to him for the amount of the mortgage note, and that the court found against him and refused a foreclosure, and instead adjudged that these plaintiffs had "suffered damages in the amount of $3260." The plea of res adjudicata was therefore valid as to all the claims now made save that relating to the loss of the plaintiffs' title in the Stratford property, and the court was mistaken to that extent in ruling that all the present issues had been adjudicated.

Assuming without deciding, that the present pleadings state a cause of action for damages for loss of title by the bank's foreclosure, because of the falsity of the claim of an agreement with the bank, and the failure of the defendant to turn over rent money to the plaintiffs which would have enabled them to pay the bank mortgage and stay foreclosure, we have examined the record to ascertain whether these allegations were supported by the evidence. It was shown that the bank

did in fact take the title by a foreclosure of its mortgage. The complaint states the claim of the defendant to have been that he had an agreement with the bank not to foreclose "as long as the interest was paid thereon, and that if they kept up the interest," the mortgage could stand indefinitely. It is not shown by the evidence whether the foreclosure was or was not violative of these terms, and therefore the defendant's false statement is not shown to have been the cause of the plaintiffs' loss of title. Nor is there any evidence showing that the title was lost because of the failure of the defendant to turn over rentals to the plaintiffs as agreed, or that, had he done so, they would have been able to "take care of" the mortgage.

The conclusion of the trial court upon the issue of res adjudicata was not reversible error, since the plaintiffs were not harmed thereby, and the denial of the motion to set aside the verdict must be sustained.

There is no error.

In this opinion the other judges concurred.